UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE M. JAMES LORENZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 89 CR 0056 L |
| Plaintiff, ) | |
| ) | ORDER DENYING PETITION FOR |
| ) | WRIT OF CORAM NOBIS |
| ) | [ECF No.138.] |
| v. ) | |
| ) | |
| HUGO MARTIN FLORES, ) | |
| Defendant. ) | |
| _____ ) | |

   Pending before the Court is Defendant Hugo Martin Flores' Petition for Writ of Coram Nobis pursuant to 28 U.S.C. § 1651(a). Respondent filed a Response in Opposition[1], and Petitioner has filed a Reply. After review of the parties' submissions, the Court **DENIES** the Petition for the following reasons.

//

---

[1] The Government's motion is captioned: "Motion to Dismiss with Prejudice or In the Alternative, Opposition to Motion to Vacate Writ of Coram Nobis." [ECF No. 143.] Despite the inclusion of the term motion to dismiss, a motion to dismiss was not filed and noticed, and Defendant had no opportunity to oppose the motion. Therefore, the motion is not before the Court. Accordingly, the Court addresses the Government Opposition and disregards the putative motion to dismiss.

## I. FACTUAL BACKGROUND

Defendant is a native and citizen of Mexico who came to the United States as an infant. (Mot. Ex. 1, 2.) In about 1969, Defendant became a legal permanent resident. (*Id.*) Defendant's wife and daughter are United States citizens, and his parents and siblings all carry U.S. citizenship. (*Id.* 1, 3.)

On June 5, 1989, Defendant pled guilty to Count 1 of an indictment charging him with conspiracy to possess phencyclidine (PCP) with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Mot. Ex. 5.) Defendant pled guilty and was sentenced on August 21, 1989, to a ten-year mandatory minimum term. (*Id.* Ex. 1, 5.) As a consequence of his plea, Defendant was deported from the United States to Mexico after serving his sentence. (Oppo. at 4.) Defendant is considered an aggravated felon as defined in section 101(a)(43)(B) of the Immigration and Nationality Act ("INA"), because he is an alien convicted of an offense relating to the illicit trafficking of a controlled substance. (Mot. at 2) As a result of his status as an aggravated felon, there is no immigration relief available to Defendant. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

"The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). Federal courts have the authority to issue a writ of error coram nobis to correct a fundamental adjudicative error when a more usual remedy is not available. 28 U.S.C. § 1651(a); *United States v. Morgan*, 346 U.S. 502, 513 (1954). A defendant must prove each of the following elements to qualify for coram nobis relief; "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the

most fundamental character." *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987). Furthermore, a petition for writ of coram nobis may be filed by a Defendant who has already served his entire sentence and it is not subject to a statute of limitations. *Telink, Inc.*, 24 F.3d at 45. However, the timing of filing is subject to the equitable doctrine of laches, which "bars a claim if unreasonable delay causes prejudice to the defendant." *Id.*

### B. Analysis

Defendant asserts that his guilty plea should be vacated because his attorney failed to advise him of the immigration consequences that could result from his guilty plea. (Mot. 5.) As a result, Defendant contends that he did not receive effective assistance of counsel in violation of the Sixth and Fourteenth Amendments and established United States Supreme Court caselaw, citing *Padilla v. Kentucky*, 559 U.S. 356 (2010). (*Id.*) According to Defendant, *Padilla* established that a non-citizen can base an ineffective assistance of counsel claim on an attorney's failure to inform his client of the immigration consequences of a criminal conviction. (*Id.* at 6.) Despite Defendant's conviction occurring over twenty years ago, he argues that *Padilla* can be retroactively applied to his case and relief should be granted. (*Id.* at 11.)

The Government argues first that the Court should dismiss the writ with prejudice because *Padilla* constitutes a new rule of law which cannot be applied retroactively and does not fit within any of the recognized exceptions to the *Teague*[2] non-retroactivity rule. (Oppo. 6, 10.) In the alternative, the Government contends that Defendant's claim is time-barred under the doctrine of laches because Defendant failed to exercise reasonable diligence in filing his claim, and the

---

[2]*Teague v. Lane*, 489 U.S. 288, 311 (1989)(when a case announces a new rule, it cannot be applied retroactively in a collateral proceeding unless the rule (1) is substantive, or (2) is a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.")

Government is prejudiced by Defendant's delay. (*Id.* 14-15.) Finally, the Government claims that Defendant's petition for writ of coram nobis should be denied because he fails to satisfy the four elements required to grant relief. (Id. 16-18.)

The United States Supreme Court recently held that *Padilla* does not apply retroactively. *Chaidez v. United States*, 133 S.Ct. 1103 (2013). In *Chaidez*, the Court reasoned that *Padilla* announced a new rule of law because it established that counsel had an obligation under the Sixth Amendment to advise a client about the collateral consequences of a conviction regarding deportation, despite the contrary finding by a majority of federal courts. *Id.* at 1110. Because the new rule did not fall within any of the exceptions to the non-retroactivity rule, "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding." *Id.* at 1113.

Here, Defendant acknowledges that his conviction became final in 1989, approximately 24 years ago. Although Defendant has filed numerous appeals and collateral attacks on his sentence, he waited until 2011 to file his coram nobis petition. Defendant's request for this Court to vacate his prior conviction rests on the retroactive applicability of *Padilla* to overcome his untimeliness. In light of the recent holding in *Chaidez*, this Court finds that Defendant cannot avail himself of the writ of coram nobis to attack his prior conviction because he filed his writ two decades after his conviction, and the relief he seeks is unavailable in light of the non-retroactivity of *Padilla*.

//
//
//
//
//
//

### III. CONCLUSION

In light of the above, the petition for writ of coram nobis is **DENIED**.

IT SO ORDERED:

DATED: October 15, 2013

*M. James Lorenz*

M. James Lorenz

United States District Court Judge